UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MEVLUDIN PONJEVIC,

Plaintiff,

v.

COUNTY OF PLACER, *et al.*,

Defendants.

Case No. 2:26-cv-1575-DAD-JDP (PS)

ORDER

Plaintiff Mevludin Ponjevic, proceeding pro se, brings this action against Placer County, Placer County Department of Health and Human Services, Christy Simpson, and Jenjor Kelly. The Placer County has brought a motion to dismiss, ECF No. 4, as have Simpson and Kelly, ECF No. 12. Also pending is plaintiff's motion for an extension of time to file a late opposition to defendant Simpson and Kelly's motion to dismiss. ECF No. 14. For the reasons stated below, the complaint is dismissed with leave to amend.

**Background**

Plaintiff brings this action about the allegedly unlawful removal of his children from his custody. ECF No. 1. He states that on December 11, 2025, defendants removed his children from his custody despite being in receipt of medical evaluations that found he did not abuse or neglect his children. *Id.* at 2. Plaintiff states that defendants not only failed to disclose these

evaluations to the court but actively presented misleading statements to the court in order to have his children removed. *Id.* A juvenile court later reserved the removal and returned plaintiff's children to his care. *Id.*

**Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Discussion**

Plaintiff brings five causes of action against all defendants: (1) violation of the Fourteenth Amendment (due process); (2) judicial deception; (3) violation of the Fourth Amendment (unlawful seizure); (4) *Monell* liability; and (5) intentional infliction of emotional distress. ECF No. 1 at 2. Placer County, ECF No. 4, and Simpson and Kelly, ECF No. 12, move to dismiss all claims.[1]

Both motions to dismiss focus on the complaint's lack of factual allegations. *See* ECF Nos. 4 & 12. In response, plaintiff not only acknowledges the lack of factual allegations, but he includes proposed allegations to remedy this issue. *See* ECF No. 15 & 16. The court agrees that the complaint, as it stands, is insufficient to put defendants on notice as to the specific claims against them. *See Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Accordingly, the complaint is dismissed as to all defendants.

While defendants ask that dismissal be with prejudice, the court finds leave to amend appropriate because plaintiff has not previously been put on notice of any pleading deficiency. Any amended complaint will entirely supersede the initial one and must be complete in itself. It should be titled "First Amended Complaint" and be filed within fourteen days of this order's entry. Plaintiff may not change the nature of this suit by alleging new, unrelated claims. Plaintiff

---

[1] While the Placer County Department Health and Human Services has not appeared, the court will dismiss the complaint against that defendant as well. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir.1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

should take care to include specific factual allegations that underly each cause of action and he should properly attribute causes of action to the appropriate defendant.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff may file an amended complaint within fourteen days. Failure to do so will result in a recommendation that this action be dismissed for failure to state a claim.

3. Placer County's motion to dismiss, ECF No. 4, is GRANTED.

4. Simpson and Kelly's motion to dismiss, ECF No. 12, is GRANTED.

5. Plaintiff's motion for an extension of time, ECF No. 14, is GRANTED.

IT IS SO ORDERED.

Dated: October 14, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE